The opinion of the Court was delivered by
Nott, J.
The only cases where a justice of the peace can issue an attachment, are, where the debtor is either removing himself or his property out of the county privately ; or so absconds and conceals himself that the ordinary process of law cannot be served upon him. If he is actually without the limits of the State, the law has provided another mode of proceeding; and when a person would obtain an attachment from a magistrate, he must, by his oath, make out a case that comes within his jurisdiction. But the law does not require that the oath should be in writing.[1] And the most usual method has been to set it out in the body of the attachment, as in this case. The affidavit on the back of the attachment was an act of supererogation, and does not appear to have been sworn to. The presumption, therefore, is, that an oath was taken according to the form prescribed by the Act; indeed the attachment expressly declares the fact to be so.
Levy, for the motion. Miller and Massey, contra.
2. The Act requires “that every justice of the peace, before granting such attachment, shall take bond, &c. (1 Brev. Big., 39, P. L., 368 ;)[1] but it does not require it to be set forth in the bond, that it was taken before *granting the attachment; and if the contrary does not appear, and the bond bears equal date with the attachment, as in this case, the Court will presume the law to have been complied with.[2] The object of the law was to prevent an attachment from being issued without giving the defendant the security afforded by the bond, and the least possible division of time is a sufficient priority. If the law has been substantially fulfilled, the Court will not permit the object to be defeated because the phraseology of some part of the proceedings may not be critically correct. But it is further to be observed, that it is not the absent debtor who is making this complaint, but another creditor,[3] a stranger, who is contending for the same money, but who had no right to be heard in this case.
The motion must be refused.
(xRiMKE, Corcock, Ciieves, Gantt and Johnson, JJ., concurred.

 Chev. 5.

 A. D. 1785; See 2 Tread. 655; 7 Stat. 214, § 6.

 Ante, 127.

 1 McC. 118; 3 McC. 201, 345; 4 Rich. 564; 4 Strob. 290.